**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0377n.06

No. 13-6612

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
May 20, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| DONALD WESLEY, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: ROGERS and COOK, Circuit Judges; MURPHY, District Judge.[*]

PER CURIAM. Donald Wesley, a federal prisoner, appeals through counsel the 100-month sentence imposed following his guilty plea to a charge of being a felon in possession of a firearm.

In the presentence report, Wesley's guidelines sentencing range was calculated at 100 to 120 months. Wesley filed a request for a downward variance. At the sentencing hearing, defense counsel argued that the death of Wesley's father, when Wesley was a teenager, explained why Wesley had drifted into criminal activity. He argued that the firearm was discovered during a traffic stop of a car in which Wesley was a passenger, and not during the commission of another crime. Wesley also spoke, and argued that he had reformed since his prior criminal history when he was young. The district court rejected the request for a downward

_____

[*] The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

variance and sentenced Wesley at the bottom of the guidelines range. On appeal, Wesley argues that the district court failed to address the relevant sentencing factors.

A failure to address the sentencing factors can be both a substantive and procedural error. *United States v. Conatser*, 514 F.3d 508, 519-20 (6th Cir. 2008). We review the sentence for reasonableness under an abuse-of-discretion standard. *United States v. Jeter*, 721 F.3d 746, 756 (6th Cir. 2013). A within-range sentence is accorded a rebuttable presumption of substantive reasonableness. *United States v. Brown*, 579 F.3d 672, 677 (6th Cir. 2009).

The transcript of the sentencing hearing shows that the district court was not persuaded that Wesley had reformed since his criminal history when he was young and that he was only involved in a traffic stop that led to the discovery of the firearm. The record showed that Wesley was stopped in relation to an investigation of a gang shooting, and that Wesley had an outstanding warrant for a charge of selling cocaine within 1000 feet of a school. The district court discussed the serious nature of the offense, Wesley's history, and the need for the sentence to promote respect for the law, provide just punishment, act as a deterrent, protect the public, and provide needed training and treatment. While the district court did not specifically mention the death of Wesley's father, a sentencing court is not required to address explicitly every argument in every case. *See United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006).

Therefore, no abuse of discretion is apparent that would rebut the presumed reasonableness of this sentence at the bottom of the guidelines range. The district court's judgment is affirmed.